STUART M. STEINBERG, P.C.
Stuart M. Steinberg (SS6612)
Laurie Sayevich Horz, Of Counsel (LSH3183)
2 Rodeo Drive
Edgewood, New York 11717
Telephone: 631-715-3160

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

WEGO CHEMICAL GROUP INC.,

                    Plaintiff,

      -against-

HUSCH BLACKWELL LLP and JEFFREY S. NEELEY,

                    Defendants.

-------------------------------------------------------------------------x

COMPLAINT

JURY TRIAL DEMANDED

Civil Action No.

Plaintiff, Wego Chemical Group Inc., by and through its attorneys, Stuart M. Steinberg, P.C., allege as follows as and for its complaint against defendants Husch Blackwell, LLP and Jeffrey S. Neeley:

1.      Plaintiff Wego Chemical Group, Inc. ("Wego") is a corporation duly organized under the laws of the State of Delaware, with a principal place of business located at 239 Great Neck Road, Great Neck, New York.

2.      Plaintiff Wego is duly authorized to conduct business within the State of New York.

3.      Defendant Husch Blackwell LLP ("Husch") is a Wisconsin limited liability partnership with a principal place of business located at 511 N. Broadway, Suite 1100, Milwaukee, Wisconsin 53202-3819.

4.      Upon information and belief, Husch is a multi-state law firm with attorneys who practice law within the State of New York.

1

5.      Upon information and belief, defendant Jeffrey S. Neeley ("Neeley" and collectively with Husch at times herein referred to as "defendants") is an individual not residing within the State of New York with a residence at 3210 Stephenson Place NW, Washington, DC 20015 and with a principal place of business located at 750 17th Street NW, Suite 900, Washington, DC 20006.

6.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because plaintiff, on the one hand, and defendants, on the other hand, are citizens of different states and plaintiff's claims against defendants exceeds $75,000.00 exclusive of interest and costs.

7.      This Court has venue of this cause pursuant to 28 U.S.C. §1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

8.      Upon information and belief, Neeley is admitted to practice law before the U.S. Court of International Trade located in New York County, New York.

9.      At all relevant times, defendant Neeley was an attorney practicing law before the U. S. Court of International Trade located in New York County, New York.

10.      Upon information and belief, at all times relevant herein, both Neeley and Husch regularly conduct business and the practice of law before the U.S. Court of International Trade located at 1 Federal Plaza, New York, New York 10278.

11.      The defendants regularly conduct business within the State of New York.

12.      The defendants specifically conducted business and the practice of law within the State of New York in connection with their representation of the plaintiff.

13.      This Court has personal jurisdiction over the defendants, as their retention as attorneys for plaintiff were purposeful activities within the State of New York.

14.     At all relevant times, Husch and Neeley held themselves out to be attorneys offering professional services to the public in general, and to plaintiff in particular.

15.     At all relevant times, Neeley was a partner and proprietor in Husch.

16.     At all relevant times, defendants Husch and Neeley were in a relationship with each other in their services toward plaintiff as to make each other liable for the acts and omissions of the other.

17.     At all relevant times, defendants represented that they were competent to perform and render all legal advice required by plaintiff.

18.     In or about July 2019 and thereafter, plaintiff sought the professional legal services of the defendants to represent plaintiff in an action pending before the U.S. Court of International Trade captioned *Fine Furniture (Shanghai) Limited v. United States*, Court No. 16-00145 ("Fine Furniture Matter"), in which plaintiff was subject to an injunction issued by such court on September 8, 2016 with regards to wood flooring imported by plaintiff to the United States, and defendants undertook to render legal advice and services to plaintiff.

19.     At the time of its consultation with defendants, the plaintiff inquired about the nature, extent and type of rights and obligations available to it under the law.

20.     Defendants agreed to represent plaintiff in the Fine Furniture Matter and to bring a motion on behalf of the plaintiff to lift a portion of the injunction in such matter as against certain entries of merchandise imported by plaintiff to the United States, and to liquidate such entries.

21.     The plaintiff provided to defendants information on the specific, twenty-four (24) entries of merchandise, for which plaintiff sought defendants' legal skills and services to obtain a lift of the injunction and liquidation of such entries.

22.     Defendants proceeded to represent the plaintiff in the Fine Furniture Matter and submit a motion to the U.S. Court of International Trade to amend and lift a portion of the injunction with respect to the items imported by the plaintiff.

23.     The defendants knew and understand that plaintiff was relying upon defendants' competency and accuracy of the submissions prepared by defendants.

24.     Defendants represented and warranted to plaintiff that they were qualified to perform the legal work for which they were retained.

25.     After plaintiff retained the defendants to represent it, but before the defendants submitted a motion to amend the injunction against plaintiff, the plaintiff and its agents specifically advised the defendants that the motion should solely seek the lift of injunction and liquidation of only twenty-four (24) specific entries of the plaintiff.

26.     Plaintiff and its agents provided the defendants with information, documentation and instructions that specified the twenty-four (24) entries of plaintiff that were to be the subject of the motion to amend.

27.     However, unknown to plaintiff, defendants drafted and submitted a motion to amend and lift the injunction entered in the Fine Furniture Matter against plaintiff with respect to all of the entries for an entire "antidumping" period of December 1, 2013 through November 30, 2014, in far excess of the specific, twenty-four (24) entries that the plaintiff advised defendants should be the sole entries to be the subject of such motion.

28.     The motion prepared and submitted by defendants was contrary to the specific written and oral direction plaintiff provided as to the entries that plaintiff sought to be lifted from the injunction and liquidated.

29. Such error was contrary to the clear and unambiguous instructions of the plaintiff to defendants.

30. Plaintiff was unaware that the motion to amend, prepared and filed by defendants, included more than the twenty-four (24) entries that plaintiff directed and retained the defendants to liquidate until after the plaintiff learned that the Court of International Trade issued a decision dated September 20, 2019 amending the 2016 injunction and lifting said injunction as to all entries for the antidumping period of December 1, 2013 through November 30, 2014.

31. As a result, the plaintiff was directed to pay the sum of $325,133.25 in customs duties for the liquidation of entries for which the defendants were neither retained nor instructed to seek release from the injunction.

32. Once plaintiff alerted defendants of their error, the defendants undertook to correct the same by filing a motion seeking the un-liquidation of the erroneously included entries (the "Motion to Reconsider").

33. In the Motion to Reconsider, the defendants asserted that the effect of the erroneous liquidation on plaintiff was "severe".

34. By order dated February 19, 2020, the U. S. Court of International Trade denied the Motion to Reconsider, holding that defendants did not present the court with authority for the request to un-liquidate such entries based upon a misunderstanding, or provide the court with any showing that reconsideration would be in the interests of justice.

35. As a result, plaintiff was forced to incur the sum of $325,133.25 in customs duties for the erroneously liquidated entries.

36. On March 3, 2021 the United States Court of International Trade issued a judgment ("March 3, 2021 judgment") in Fine Furniture Matter in which the court determined

that the deposits made by plaintiff during the subject review period were subject to a duty of 0%, which would have applied to the erroneously liquidated entries. Thus, had defendants followed plaintiff's specific instructions, plaintiff would not have incurred the sum of $325,133.25 in connection with the erroneous liquidation of the entries.

37.     Had defendants correctly, and pursuant to plaintiff's instructions, submitted the application to only liquidate the twenty-four (24) entries then plaintiff would have benefitted from the March 3, 2021 judgment and none of plaintiff's remaining imports would have been subject to customs fees.

38.     As a result, the plaintiff paid the sum of $325,133.25 in customs fees for products that were not supposed to be a part of the motion to amend the injunction and, but for defendants' acts and omissions, would not have been liable for such sums.

39.     The legal care, advice and services rendered by defendants to plaintiff were rendered carelessly, unskillfully, negligently and not in accordance with accepted standards of legal care, advice and services in the community.

40.     Defendants failed to exercise that degree of care, skill and diligence commonly possessed by members of the legal community.

41.     Defendant's acts and/or omissions were the proximate cause of the losses sustained by plaintiff.

42.     Plaintiff would have succeeded in its motion to amend the injunction and liquidation of only the subject twenty-four (24) entries, and have no liability on the remaining entries under the March 3, 2021 judgment but for defendants' acts and/or omissions and failures to exercise due care and follow plaintiff's specific instructions.

43.     The defendants breached their duty to plaintiff by negligently, carelessly and unskillfully failing to follow plaintiff's clear and unambiguous instructions.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Legal Malpractice)

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 of the complaint as if set forth fully herein.

45.     Defendants committed negligence insofar as they did not act as would attorneys using ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession.

46.     Plaintiff sustained damages because of this malpractice.

47.     The defendants' negligence was the proximate cause of the plaintiff's loss.

48.     By reason of the above, and by reason of defendants' failures, plaintiff has and will sustain damages in the sum of $325,133.25 plus interest.

49.     This action falls within one or more exceptions set forth in CPLR 1602.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 of the complaint as if set forth fully herein.

51.     The defendants agreed with plaintiff to provide competent legal services and advice to plaintiff in connection with the motion to amend the injunction against plaintiff only for the specified twenty-four (24) entries in the Fine Furniture Matter and by virtue of that agreement entered into a contract with plaintiff, pursuant to which the defendants were obligated to ensure that plaintiff's motion was prepared and submitted correctly.

52.     By failing to correctly designate the entries that plaintiff sought to be lifted from the subject injunction, the defendants breached their contract with plaintiff.

53.     Such breach directly, foreseeably and proximately caused injuries to plaintiff in connection with plaintiff's obligation to pay custom fees on entries that, but for defendants' acts, omissions and breach, would not have been subject to any customs fees.

54.     As a direct, foreseeable and proximate result of the defendants' breach of their contractual obligations, plaintiff has been damaged in the sum of $325,133.25 plus interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Disgorgement of Fees Paid to Defendants)

55.     Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if set forth fully herein.

56.     Because defendants negligently represented plaintiff and did not offer it competent advice or representation to which the plaintiff was entitled, defendants are entitled to no fee.

57.     Plaintiff has been damaged in the amount of not less than $1,500.00 plus interest.

### TRIAL BY JURY DEMANDED

58.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues and causes of action so triable.

WHEREFORE, plaintiff respectfully requests that judgment be granted:

(A) As and for the First Cause of Action, the sum of $325,133.25 plus interest;

(B) As and for the Second Cause of Action, the sum of $325,133.25 plus interest;

(C) As and for the Third Cause of Action, the sum of not less than $1,500.00 plus interest;

(D) The costs, fees and expenses incurred by plaintiff; and

(E) Such further and other relief as to this Court seems just and proper.

Dated: Edgewood, New York
       August 5, 2021

STUART M. STEINBERG, P.C.
Attorneys for Plaintiff

By: _____

Stuart M. Steinberg (SS 6612)
Laurie Sayevich Horz, Of Counsel (LSH 3183)
2 Rodeo Drive
Edgewood, New York 11717
631-715-4160 (Steinberg direct)
631-670-1992 (Sayevich Horz direct)
ssteinberg@steinbergpc.net
lsayevich@steinbergpc.net